# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARVENS BRUNACHE, | ) |
|     Plaintiff, | ) Civil Action No. 2: 17-cv-1396 |
| v. | ) United States Magistrate Judge |
| | ) Cynthia Reed Eddy |
| BUREAU OF PRISON (PA); et al., | ) |
|     Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Harvens Brunache, an inmate currently confined in Riker's Island Correctional Facility, East Elmhurst, New York, initiated this civil rights action by filing a civil rights complaint in the United States District Court for the Middle District of Pennsylvania. On October 26, 2017, the case was transferred to this Court from the Middle District of Pennsylvania.

Even though federal courts indulge pro se pleaders with a more liberal standard than that permitted to attorneys, *Haines v. Kerner*, 404 U.S. 519 (1972), the instant complaint does not conform reasonably even to the relaxed requirement. Brunache's complaint is rambling and largely incomprehensible. The factual averments set forth in the complaint consist of a far reaching narrative regarding various incidents which allegedly occurred at SCI-Graterford, SCI-Rockview, SCI-Huntingdon, SCI-Somerset; and SCI-Fayette. The complaint is an incomprehensible, catalogue of "allegations" that are presented without any time reference, context, coherence or continuity, making it virtually impossible to ascertain the legal and factual significance of these allegations. Thus, the Court is "left . . . having to guess what of the many things discussed constituted [a cause of action]. *Binsack v. Lackawanna County Prison*, 438 F.

App'x 158 (3d Cir. 2001).

In such instances, Rule 8 of the Federal Rules of Civil Procedure compels the dismissal of the complaint since, by any standard, this complaint is not a "short and plain" statement of a cause of action containing averments that are "concise and direct." Brunache, however, will be given an opportunity to file an amended complaint which comports with the pleading requirements of the Federal Rules of Civil Procedure.

Based on the foregoing, and in the interests of justice to this pro se litigant, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), Brunache will be granted until **December 6, 2017,** to file an amended complaint which satisfies Rule 8. He is advised that the amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed. "It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185 (M.D.Pa. 1992).

Brunache is advised that the failure to file an amended complaint will result in the court recommending that the instant complaint be dismissed with prejudice.

**ORDER OF COURT**

**AND NOW**, this 3rd day of November, 2017, in accordance with the foregoing Memorandum, it is hereby **ORDERED** that Plaintiff is granted until **December 6, 2017,** to file an amended complaint which satisfies Rule 8 of the Federal Rules of Civil Procedure. Failure to file an amended complaint will result in the court recommending that the original complaint be dismissed.

**IT IS FURTHER ORDERED** that the Clerk of Court is to mark this case administratively **CLOSED**.[1] No further action will be taken in this case until the amended complaint is received by the Court.

/s Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: HARVENS BRUNACHE
1411703656
Robert N. Davoren Complex
SPECIAL MAIL - OPEN ONLY IN PRESENCE OF INMATE
11-11 Hazen Street
East Elmhurst, NY 11370

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is reopened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally filed timely. *See Houston v. Lack*, 487 U.S. 266 (1988) (prisoner mailbox rule); *Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).