# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| HARVENS BRUNACHE, | ) | |
|---|---|---|
| | ) | Civil Action No. 2: 17-cv-1396 |
| Plaintiff, | ) | |
| | ) | United States Magistrate Judge |
| v. | ) | Cynthia Reed Eddy |
| | ) | |
| BUREAU OF PRISON (PA); et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Harvens Brunache, an inmate currently confined in Riker's Island Correctional Facility, East Elmhurst, New York, initiated this civil rights action by filing a civil rights complaint in the United States District Court for the Middle District of Pennsylvania. On October 26, 2017, the case was transferred to this Court from the Middle District of Pennsylvania.

Because the Complaint was not in conformance with Rule 8 of the Federal Rules of Civil Procedure, the undersigned administratively closed the case and Plaintiff was instructed to file an Amended Complaint which comports with the Federal Rules of Civil Procedure. (ECF No. 11).

On December 12, 2017, the Court received and filed Plaintiff's Amended Complaint (ECF No. 12) and the case has been reopened.

This Court has a statutory responsibility to review complaints filed by prisoners and by those who have been granted *in forma pauperis* to determine if the complaint states a valid claim for relief. The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or

seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

Moreover, not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim, but it is required to do so by the mandatory language of "the court shall dismiss" utilized by Section 1915(e)(2). In performing a court's mandated function of *sua sponte* reviewing complaints under 28 U.S.C. §§ 1915(e) and 1915A to determine if they fail to state a claim upon which relief can be granted, a federal district court applies the same standard as applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See, e.g., Powell v. Hoover*, 956 F. Supp. 565, 568 (M.D. Pa. 1997) (applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)).

In reviewing complaints as mandated by 28 U.S.C. § 1915(e) and § 1915A and, consequently, utilizing the standards for a 12(b)(6) motion to dismiss, the complaint must be read in the light most favorable to the plaintiff and all well-pleaded, material allegations of fact in the complaint must be taken as true. *See Estelle v. Gamble*, 429 U.S. 97 (1976). Because Plaintiff is *pro se,* the court will accord him an even more liberal reading of the complaint, employing less stringent standards than when judging the work product of an attorney. *Haines v. Kerner*, 404 U.S. 519 (1972).

**B.     Discussion**

Although lacking in specifics, Plaintiff seems to allege that during the entire time he was incarcerated in various PA Department of Corrections facilities (a period from 1999 - 2015),[1] he

---

[1]     Public dockets reflect that Plaintiff was convicted and sentenced in Philadelphia in 1999 on charges of rape and involuntary deviate sexual intercourse and sentenced to a term of imprisonment of 8 - 16 years.

experienced "numerous sufferings of all kinds mentally, physically, and emotionally." During his incarceration, he was housed at a number of DOC facilities (Graterford, Rockview, Huntington, Somerset, Fayette, and Frackville), but according to the Amended Complaint the events giving rise to this lawsuit specifically occurred at SCI-Somerset, SCI-Fayette, and SCI-Frackville. He alleges that on or about June of 2003, he was transferred to SCI-Somerset, where "he suffered an outbreak of some kind, while medical did nothing to find the origin of it"); in or about June of 2004 he was transferred to SCI-Fayette, where he "woke up one day with a frostbite like pain in the lower middle right side of [his] body and a red spoted like scare"; after he complained about his medical conditions being untreated, at some point he was "sent to an illegal incarceration R.H.U. Mental Health punishment at SCI-Frackville and illegal held there for nothing unaddressed, untreated, unreleased and all the way up till the day of my release from prison on 9-14-2015." Further, Plaintiff alleges through the Amended Complaint that,

> All the way till the day of my released medical department and mental health dept Harrisburg officials there did nothing. The Parole and Probation Official given direct knowledge of all these facts and claims never done anything except went along with doing nothing like everyone else involved. So on September 14, 2017 (sic) upon my release date from prison I went immediately to see an emergency room doctor and still this very day and time nothing has been done or said to me is the reason and or outcome of my damages claims.

From the Amended Complaint, it is difficult to discern who Plaintiff intends to name as defendants in this lawsuit as the caption of the Amended Complaint reads as follows:

1. P.A.D.O.C. Bureau of Prison, Harrisburgh, P.A., etc.

2. P.A.D.O.C. Parole and Probation, Harrisburgh, P.A., EtA . . .

3. P.A.D.O.C. Medical and Mental Provider Officials EtA . . . Harrisburg, P.A., eta . . . .

4. P.A.D.O.C. Commissioners Office Eta . . . .[2]

As relief, Plaintiff "would like to be given an court appointed lawyer and or legal advisor and then given an jury trial, so that I could be awarded millions of dollars in damages and compensation of all kind on my person."

There is a significant problem with Plaintiff's amended complaint, which can not be cured by amendment. Although the amended complaint does not state that Plaintiff is bringing his claims under 42 U.S.C. § 1983, it appears that he is alleging violations of his federal constitutional rights; thus, 42 U.S.C. § 1983 would be the proper federal statute under which to bring his claims. Claims brought under 42 U.S.C. § 1983 are subject to Pennsylvania's two-year statute of limitations. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009); 42 Pa. Cons. Stat. § 5524(2). A claim accrues "when the plaintiff knew or should have known of the injury upon which [his] action is based." *Kach,* 589 F.3d at 634 (internal quotation marks omitted).

The only connection Plaintiff's claims have to the Western District of Pennsylvania are those which arose while Plaintiff was incarcerated at SCI-Somerset and SCI-Fayette. According to the face of the Amended Complaint, Plaintiff, while incarcerated in SCI Somerset in 2003, experienced a skin "break out of some sort" and while incarcerated in SCI Fayette in 2004 experienced "frost-bike like pain," both incidents clearly occurring more than two years before the filing of this complaint in 2017.[3] "When screening a complaint under § 1915, a district court

---

[2] In the original complaint, Plaintiff also named "P.A.D.O.C. State Facility Fayette/ Frackville, ETA" as a defendant. (See ECF No. 1). The state facilities are not named in the Amended Complaint.

[3] Based on the original complaint filed in the Middle District of Pennsylvania, that court found that the majority of the named Defendants and incidents complained of emanated from

may *sua sponte* dismiss the complaint as untimely under the statute of limitations where the defense is obvious from the complaint and no development of the factual record is required." *Whitenight v. Commonwealth of Pennsylvania State Police,* 674 F. App'x 142, 144 (3d Cir. Jan. 4, 2017) (per curiam) (citing *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006); *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656-57 (4th Cir. 2006); *Dellis v. Corr. Corp. of Am.,* 257 F.3d 508, 511 (6th Cir. 2001); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995)). Plaintiff alleges no facts supporting a conclusion that the statute of limitations should be tolled.

Further, assuming that Plaintiff's remaining claims are timely, the Court finds that pursuant to 28 U.S.C. § 1391(b), venue is improper in this district. It appears that Plaintiff's remaining claims arose from his incarceration at SCI-Frackville, which is located in the Eastern District of Pennsylvania, and all of the named defendants are located in Harrisburg, which lies within the Middle District of Pennsylvania.

Having determined venue is improper in this district, the Court must decide whether to dismiss the case or transfer the case to a district where venue is properly laid pursuant to 28 U.S.C. § 1406(a). A court retains the power to transfer a case from an improper venue to a proper venue even where it lacks personal jurisdiction over the defendants. *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 465 (1962). "In most cases of improper venue, the courts conclude that it is in the interest of justice to transfer to a proper forum rather than to dismiss the litigation." 14D Wright & Miller § 3827 at 540 (4th Ed. 2013); *see also Holiday v. Bally's Park Place, Inc.*, No. 06-4588, 2007 WL 2600877, at *2 (E.D.Pa. Sept. 10, 2007) ("Generally, transfer to a proper

---

Plaintiff's confinement in SCI-Fayette, which is located in the Western District of Pennsylvania. The Amended Complaint, however, clearly states that Plaintiff was transferred to SCI-Somerset in 2003 (W.D.Pa.); transferred to SCI-Fayette (W.D.Pa.) in 2004.

forum is preferable to outright dismissal because it prevents repetitive motion practice and unnecessary costs.").

However, the Court faces a dilemma in this regard, as it is not clear from Plaintiff's allegations whether the Eastern District or the Middle District is the proper venue. As stated above, some of the remaining claims arise from incidents which allegedly occurred in the Eastern District (SCI-Frackville), but those claims appear to be untimely, and all the named defendants seem to be located in the Middle District (Harrisburg). Because Plaintiff has not incurred expenses associated with filing this lawsuit, other than any postage and copying expenses he may have incurred, the Court finds that Plaintiff will not be prejudiced by dismissing this case outright. Plaintiff, if he so chooses, may file a complaint alleging timely claims in the proper venue.

An appropriate Order follows.

## ORDER OF COURT

**AND NOW**, this 18th day of December, 2017, it is hereby **ORDERED** that this case is closed. Based on the allegations of the Amended Complaint, any claims which arose out of incidents in the Western District of Pennsylvania are barred by the applicable statute of limitations. Leave to amend is not granted as same would be futile.

s/Cynthia Reed Eddy  
Cynthia Reed Eddy  
United States Magistrate Judge

cc:  HARVENS BRUNACHE
    1411703656
    Robert N. Davoren Complex
    SPECIAL MAIL - OPEN ONLY IN PRESENCE OF INMATE
    11-11 Hazen Street
    East Elmhurst, NY 11370